IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.                                          CIV 16-0418 KG/KBM
                                            CR  14-2133 KG

HECTOR SEVERIANO-BORJA,

    Defendant-Movant.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on Defendant's *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (CIV *Doc. 1,* CR *Doc. 83*), filed May 9, 2016, and the Government's Response in Opposition (CIV *Doc. 3,* CR *Doc. 91*), filed August 4, 2016. The Federal Public Defender was reappointed to represent Defendant pursuant to Administrative Order 16-mc-04-19, CR *Doc. 85,* "to determine whether or not an individual defendant may qualify to seek resentencing, and to present any motions or applications for resentencing in accordance with *Johnson v. U.S*., 576 U.S. ___, 135 S. Ct 2551 (June 26, 2015)." The assigned Assistant Federal Public Defender evidently chose not to reply, in either this civil or the criminal case, to the Response of the United States in opposition to the relief sought in the pro se § 2255 Motion. Having liberally construed the Motion, the Court agrees with the Government that the Motion should be denied.

Defendant pled guilty to Count One (conspiracy to distribute marijuana) and Count Five (illegal reentry after deportation) of the Indictment without any plea agreement. CR *Docs. 31, 40.* The Honorable Kenneth J. Gonzales sentenced him to 57 months imprisonment on both counts with those terms to run concurrently. CR *Doc. 77.*

In his pro se § 2255 Motion, Defendant relies on the *Johnson* decision as his basis for relief. In *Johnson*, the United States Supreme Court determined that the Armed Career Criminal Act ("ACCA") residual clause for defining a violent felony, 18 U.S.C. § 924(e), was unconstitutionally vague. *Johnson*, 135 S. Ct. at 2557. Thus, an enhancement of a sentence using that residual clause was ruled invalid.

The Supreme Court subsequently held that *Johnson* applies retroactively to cases on collateral review in *Welch v. United States*, 136 S. Ct. 1257 (2016). Moreover, the Tenth Circuit has expanded the *Johnson* rationale beyond the ACCA to hold unconstitutional other indistinguishable clauses used to define violent felonies, including such clauses found within the advisory federal sentencing guidelines and other statutory provisions. *See United States v. Madrid*, 805 F.3d 1204, 1211 (2015) (career offender guideline § 4B1.1); *Golicov v. Lynch*, 2016 WL 4988012 (10th Cir. Sept. 19, 2016) (18 U.S.C. §16(b) and, by extension, 8 U.S.C. § 1101(a)(43)(F)).[1]

Here, however, no residual clause was employed to enhance Defendant Severiano-Borja's sentence. Instead, the prior "aggravated felony" convictions used to enhance Severiano-Borja's sentence are drug trafficking crimes which are expressly identified as aggravated felonies under 8 U.S.C. § 1101(43)(C). Thus, there was no need to resort to the residual clause to see if the convictions otherwise qualified as

---

[1] The Tenth Circuit in *Golicov* held that "18 U.S.C. § 16(b) is not meaningfully distinguishable from the ACCA's residual clause and that, as a result, § 16(b), and by extension 8 U.S.C. § 1101(a)(43)(F), must be deemed unconstitutionally vague in light of *Johnson*." *Id.* at *5.

crimes of violence under 8 U.S.C. § 1101(43)(F). Similarly, Defendant Severiano-Borja was sentenced as a career offender pursuant to USSG § 4B1.1 based solely on controlled substance trafficking offenses and not based on any crimes of violence. Again, no residual clause was used to enhance his sentencing guideline range.

Wherefore,

**IT IS HEREBY RECOMMENDED** that Defendant's *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (CIV *Doc. 1,* CR *Doc. 83*) be **denied**.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE